No. 19,299.

C. S. SUTTON, *Appellee,* v. C. O. WRIGHT, *Appellant.*

SYLLABUS BY THE COURT.

PROMISSORY NOTES—*Given for Premium on Life Insurance Policy—Defense, Want of Delivery of Policy—Sufficient Delivery Shown.* In an action by an insurance agent to recover on two promissory notes given for the premium on a new life insurance policy issued to take up an old policy which was surrendered, the defense was want of consideration because the policy had not been delivered to the insured. The insurance company sent the policy to the agent for delivery to the defendant. The jury found specially on sufficient proof that the agent duly mailed the policy to the defendant. *Held,* manual delivery of the policy to the defendant by messenger was not essential to perfect the defendant's obligation on his notes, and the defense of want of consideration was overcome.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge.    Opinion filed March 6, 1915. Affirmed.

*L. P. Brooks,* of Cherryvale, for the appellant.

*Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on two promissory notes given by the defendant for the premium on a new life insurance policy issued in place of an old one which was surrendered. The plaintiff, a field manager under a general agent of the insurance company, negotiated the exchange of policies. The notes were made payable to the general agent, but the plaintiff took them up at maturity and owned them when suit was brought. The defense was failure of consideration because the new policy had not been delivered. The plaintiff recovered, and the defendant appeals.

When the defendant sent in the old policy he stated

that his mail should be sent to Box 1464, Tulsa, Okla., and the proof was that the new policy was duly mailed to the defendant at the address given. The court instructed the jury that this was a sufficient delivery of the policy to entitle the plaintiff to recover, the fact that the defendant did not receive it being merely a circumstance tending to show the policy was not mailed. There was evidence that the plaintiff, to whom the policy had been given for delivery, made an effort to deliver it to the defendant personally, that the defendant was in arrears on back premiums, that a half dozen letters written to him were not answered but were not returned, that the policy was not mailed earlier because the plaintiff was unable to hear from the defendant, and that a duplicate policy is easily procurable in case a policy be lost. On the facts stated the jury found specially that the policy was duly mailed.

The policy became binding on the insurance company when it was placed in the hands of the solicitor for unconditional delivery to the defendant. The contract of insurance was then complete, and manual delivery of the evidence of the contract to the insured by messenger was not essential to perfect the obligation of the defendant's promissory notes. The adoption in good faith of the ordinary method employed by the business world for the transmission of such articles was sufficient.

It is said that section 4341 of the General Statutes of 1909, making it unlawful for an insurance company or its agent to transfer premium notes to an innocent purchaser before delivery of the policy, bears upon the case, but manifestly this is not so. The question here presented is the sufficiency of the means employed to place the instrument in the possession of the defendant, and the cutting off of defenses by transfer to an innocent purchaser is not involved.

The judgment of the district court is affirmed.